UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MINKO LUSAKIO YAKABA,           ) | |
| )  | |
| *Plaintiff*,           ) | |
| )  | |
| v.           ) | Civil Action No. 25-0198 (UNA) |
| )  | |
| UNITED STATES DEPARTMENT           ) | |
| OF COMMERCE, *et al.*,           ) | |
| )  | |
| *Defendants*.           ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court GRANTS the application and DISMISSES the complaint.

Plaintiff describes himself as "a sovereign representative of the United American Tribal Embassy International and the Cutahaugula Tribal Nation." Compl. at 1. His complaint begins with allegations pertaining to his arrest in Las Vegas, Nevada, on February 6, 2022, his subsequent detention and referral for a psychiatric evaluation. *See id*. at 2-3. The pleading ends with legal claims purportedly asserted under the International Convention on the Elimination of All Forms of Racial Discrimination ("CERD"), the International Covenant on Civil and Political Rights ("ICCPR"), and the United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP"), and the Alien Tort Statute ("ATS"). *See id*. at 2, 4-6. Among other relief, Plaintiff demands an award of "$50 million for identity misclassification." *id*. at 6, arising from the failure of the United States Department of Commerce and Census Bureau to "update . . . records to reflect Plaintiff's tribal identity," *id*. at 3.

There is no private right of action under CERD, ICCPR, or UNDRIP. *See Al-Din Bey v. Circle K.*, No. 2:23-cv-05521, 2024 WL 2160438, at *3 (D.S.C. Apr. 24, 2024) (citations omitted) ("With respect to the United Nations Declaration on the Rights of Indigenous Peoples, this declaration is not a legally binding instrument under international law and does not create a private right of action."), *report and recommendation adopted sub nom. Bey v. Circle K.*, No. 2:23-cv-521, 2024 WL 2155217 (D.S.C. May 14, 2024); *Cook v. Bureau of Consular Affairs*, No. 23-cv-3666, 2024 WL 95201, at *1 (D.D.C. Jan. 8, 2024) (dismissing claims under ICCPR and CERD).

Plaintiff is no more successful in bringing suit under the ATS. It "is a purely jurisdictional statute and does not itself create a private cause of action," *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 676 (D.C. Cir. 2023), and is not a valid basis for suing the United States, *see El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 858 (D.C. Cir. 2010) (en banc) (Kavanaugh, J., concurring) ("The Alien Tort Statute has never been held to cover suits against the United States or United States Government officials."); *Angeni v. U.S. Dep't of Commerce*, No. 24-cv-2006, 2024 WL 4582972, at *1 (D.D.C. Oct. 25, 2024) (dismissing claim against Census Bureau for misclassifying Plaintiff as "Black" rather than "American Aborigine" because ATS "cannot be used to sue the United States for damages").

An Order is issued separately.

DATE: April 29, 2025                            /s/
                                                        TANYA S. CHUTKAN
                                                        United States District Judge

3